JS 44 (Rev 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Robert Tate

**DEFENDANTS**
PHILLY SHIPYARD, INC, GREG TUCKER, KEITH RUSSEL, SIGNAL MUTUAL INDEMNITY ASSOCIATION, and KARLA CARNEY

(b) County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Patrick Flanigan, Esquire Law Office of Patrick Flanigan, P O Box 42, Swarthmore, PA 19081-0042 Tel 484-904-7795

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 2601 et seq

Brief description of cause:
Interference and retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $** 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 10/28/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/Patrick Flanigan E-Signature Validation Code: PFF8163

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19 5076

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 515 East 23rd Street, Chester, PA 19013

Address of Defendant: 2100 Kitty Hawk Avenue, Philadelphia, PA 19112

Place of Accident, Incident or Transaction: 2100 Kitty Hawk Avenue, Philadelphia, PA 19112

---

**RELATED CASE, IF ANY:**

Case Number: N/A    Judge: N/A    Date Terminated: N/A

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/28/2019    /s/ Patrick Flanigan    PA 92794
       Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify)* FMLA, 29 U S C §§ 2601 et seq

B. **Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* ___
7. ☐ Products Liability
8. ☐ Products Liability Asbestos
9. ☐ All other Diversity Cases
    *(Please specify)* ___

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Patrick Flanigan, Esquire**, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

OCT 29 2019

DATE: 10/28/2019    /s/ Patrick Flanigan    PA 92794
       Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Robert Tate                                                : CIVIL ACTION
             v.
Philly Shipyard, et al.                              :  NO. 19  5076

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

Oct 28, 2019     Patrick Flanigan          Robert Tate
Date                  Attorney-at-law              Attorney for
484-904-7795         None              Pat@lawofficepf.com
Telephone           FAX Number           E-Mail Address


(Civ. 660) 10/02

OCT 29 2019

Law Office of Patrick Flanigan            Attorney for Plaintiff
By: Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42, Swarthmore, PA 19081-0042
Tel: (484) 904-7795 Email: Pat@lawofficepf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | |
|---|---|
| ROBERT TATE § <br> Chester, PA 19013 § <br>     Plaintiff, § <br> § <br> v. § <br> § <br> PHILLY SHIPYARD, INC. § <br> 2100 Kitty Hawk Avenue § <br> Philadelphia, PA 19112 § <br>   and § <br> GREG TUCKER § <br> c/o PHILLY SHIPYARD, INC. § <br>   and § <br> KEITH RUSSEL § <br> c/o PHILLY SHIPYARD, INC. § <br>   and § <br> SIGNAL MUTUAL INDEMNITY § <br> ASSOCIATION § <br> 100 Century Parkway, Suite 300 § <br> Mount Laurel, NJ 08054 § <br>   And § <br> KARLA CARNEY § <br> c/o SIGNAL MUTUAL INDEMNITY § <br> ASSOCIATION, § <br>     Defendants. § | CIVIL ACTION <br> NO.:__19  5076__ <br><br><br> JURY TRIAL DEMANDED |

## NOTICE TO PLEAD

You have been sued in court. If you wish to defend against the claims set forth in the following pages. You must take **action within twenty (20) days** after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF**

## YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

If you are looking for an attorney in a county listed below, then contact that county bar association's lawyer referral service (LRS) directly.

- Allegheny County, Pittsburgh: (412) 261-5555
- Beaver County, Beaver: (724) 728-4888
- Berks County, Reading: (610) 375-4591
- Blair County, Hollidaysburg: (814) 693-3090
- Bucks County, Doylestown: (215) 348-9413, (800) 991-9922
- Chester County, West Chester: (610) 429-1500
- Cumberland County, Carlisle: (717) 249-3166
- Dauphin County, Harrisburg,: (717) 232-7536
- Delaware County, Media: (610) 566-6625
- Erie County, Erie: (814) 459-4411
- Lackawanna County, Scranton: (570) 969-9600
- Lancaster County, Lancaster: (717) 393-0737
- Lehigh County, Allentown: (610) 433-7094
- Luzerne County, Wilkes-Barre: (570) 822-6029
- Mercer County, Mercer: (724) 342-3111
- Monroe County, Stroudsburg: (570) 424-7288
- Montgomery County, Norristown: (610) 279-9660
- Northampton County, Easton: (610) 258-6333
- Philadelphia County, Philadelphia: (215) 238-1701
- Washington County, Washington: (724) 225-6710
- Westmoreland County, Greensburg: (724) 834-8490
- York County, York: (717) 854-8755

Law Office of Patrick Flanigan   Attorney for Plaintiff
By: Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42, Swarthmore, PA  19081-0042
Tel: (484) 904-7795  Email: Pat@lawofficepf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| ROBERT TATE | § | |
| Chester, PA 19013 | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | |
| v. | § | NO.:_____ |
| | § | |
| PHILLY SHIPYARD, INC. | § | |
| 2100 Kitty Hawk Avenue | § | |
| Philadelphia, PA 19112 | § | |
| and | § | |
| GREG TUCKER | § | JURY TRIAL DEMANDED |
| c/o PHILLY SHIPYARD, INC. | § | |
| and | § | |
| KEITH RUSSEL | § | |
| c/o PHILLY SHIPYARD, INC. | § | |
| and | § | |
| SIGNAL MUTUAL INDEMNITY | § | |
| ASSOCIATION | § | |
| 100 Century Parkway, Suite 300 | § | |
| Mount Laurel, NJ 08054 | § | |
| And | § | |
| KARLA CARNEY | § | |
| c/o SIGNAL MUTUAL INDEMNITY | § | |
| ASSOCIATION, | § | |
| Defendants. | § | |

## COMPLAINT

### I.    INTRODUCTION

Robert Tate (Plaintiff), alleges violation of and seeks redress of all rights and privileges pursuant to the Family and Medical Leave Act, as amended 2008 (FMLA), 29 U.S.C. §§ 2601 et seq., negligence, and the illegal practice of law. Mr. Tate avers, through Patrick Flanigan,

Esquire from the Law Office of Patrick Flanigan, as follows:

## II.   PARTIES

1. Robert Tate (Plaintiff) is an adult individual who currently resides in Chester, PA. At all times material hereto, Plaintiff was a citizen of the United States, resided in the Commonwealth of Pennsylvania and an employee of Defendant Philly Shipyard, Inc.

2. Defendant Philly Shipyard, Inc. (Philly Shipyard) is a name for a business entity maintaining an office and conducting business at 2100 Kitty Hawk Avenue, Philadelphia, PA 19112 and at all times material hereto, the employer also transacted business in Philadelphia County, Pennsylvania and employed the Plaintiff.

3. Defendant Greg Tucker (Defendant Tucker) is an adult individual, who at all times material hereto, was a servant, agent or employee on behalf of Defendant Philly Shipyard. Plaintiff further believes that Defendant Tucker is a citizen and domiciled in the Commonwealth of Pennsylvania.

4. Defendant Keith Russel (Defendant Russel) is an adult individual, who at all times material hereto, was a servant, agent or employee on behalf of Defendant Philly Shipyard. Plaintiff further believes that Defendant Russel is a citizen and domiciled in the Commonwealth of Pennsylvania.

5. Defendant Signal Mutual Indemnity Association, Inc. (SIGNAL) is a name for a business entity maintaining an office and conducting business from 100 Century Parkway, Suite 300, Mount Laurel, NJ 08054 and at all times material transacted business in Philadelphia County, Pennsylvania.

6. Defendant Karla Carney (Defendant Carney) is an adult individual, who at all times material hereto, was a servant, agent or employee on behalf of Defendant SIGNAL.

### III. JURISDICTION AND VENUE

7. The above paragraphs are incorporated as if set forth more fully herein.

8. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. and the laws of the Commonwealth of Pennsylvania.

9. Plaintiff obtains jurisdiction because the demand is in excess of One Hundred Fifty Thousand Dollars ($150,000.00) or as a federal question matter, or both.

10. Venue is appropriate in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because all parties regularly conduct business within this district and the acts complained of by Plaintiff arose in this venue.

### IV. FACTS

11. On November 3, 2016, Mr. Tate sustained a work injury caused by the heavy, repetitive, and throwing of metal scrap into a recycling bin at the Philly Shipyard. The employer's safety coordinator sent him to the emergency room that night and the next day to WorkNet for physical therapy.

12. On November 14, 2016, WorkNet placed him "on modified duty today for no lifting more than 20 pounds, no crawling, no climbing ladders."

13. On December 12, 2016, Rothman Institute further modified his work restrictions with "no repetitive, bending, stooping, kneeling, squatting, climbing below waist level."

14. At no time did the Defendants provided any light or modified job duties for Plaintiff prior to the granting of the FMLA intermittent leave.

15. On July 26, 2017, Mr. Tate was placed on intermittent FMLA leave because of his ongoing medical issues caused by the work injury.

16. At no time from the date of Mr. Tate's injury through the last day of work on November 1, 2017 did any Defendant modify his work limitations as directed by WorkNet and Rothman Institute both being the mandatory medical providers of Defendants Philly Shipyard and SIGNAL.

17. Defendants Signal and Carney failed to notify Defendants Philly Shipyard of the medical necessity of providing the light or modified job duty for Plaintiff.

18. At no time did the Defendants provide any light or modified job duties for Plaintiff even after the granting of the FMLA intermittent leave.

19. On numerous occasions Mr. Tate suggested light or modified jobs but none of the Defendants ever discussed light or modified jobs and remained silent to his suggestions.

20. On November 1, 2017, Mr. Tate was forced out of work because of the work injury because he was unable to perform the full duties of the job.

## COUNT I

## FAMILY AND MEDICAL LEAVE ACT, Interference, 29 U.S.C.A. § 2615(a)(1)

### ROBERT TATE v. ALL DEFENDANTS

21. The above paragraphs are incorporated as if set forth more fully herein.

22. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(D), Plaintiff was eligible for Family and Medical Leave.

23. At all times material hereto, Plaintiff believes that Defendant Philly Shipyard had at least 50 employees including volunteers for 20 or more calendar work weeks during the pertinent year or the preceding year within 75-mile radius.

24. Plaintiff was employed for at least 12 months and worked at least 1,250 hours during the 12 months preceding the leave of absence, or Plaintiff was otherwise qualified under the employer's policies.

25. Plaintiff has statutory rights to be free from **interference** under the Family and Medical Leave Act, 29 U.S.C.A. § 2615(a)(1), which Defendants violated, including, but not limited to, the facts to be revealed through discovery and the factual allegations set forth above. Plaintiff claims that Defendants **interfered** with the FMLA right as follows:

26. First, Plaintiff had a work injury and was granted FMLA intermittent leave for medical conditions caused by and arising from the work injury.

27. Second, Plaintiff has a "serious health condition," as defined in the statute as an injury, impairment or physical condition that required continuing treatment by a health care provider that was pre-selected by Defendants Philly Shipyard, SIGNAL and their employees and agents.

28. Third, Plaintiff gave appropriate notice for the need to be absent from work, if light or modified duty was not provided by Defendants Philly Shipyard, SIGNAL and their employees and agents.

29. Fourth, Defendants **interfered** with the exercise of Plaintiff's right to unpaid leave by regarding full duty work and refusing to provide the light or modified duty.

30. As a direct and proximate result of Defendants unlawful **interference**, the Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

31. Defendants' acts were willful, wanton, malicious, and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

32. Plaintiff demands favorable judgment against Defendants for all equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits and any additional unpaid leave up to the maximum permitted by the FMLA including, but not limited to, doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

33. Plaintiff demands favorable judgment for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquated damages under 29 U.S.C.A. § 2617(a)(3), fees and costs including the allowance of reasonable attorney fees, expert witness fees and other costs of the action and such other orders and further relief as may be necessary and appropriate.

34. In addition, Defendant Philly Shipyard had an employee handbook and failed to provide Plaintiff the benefits provided therein.

35. Plaintiff seeks all remedies set forth below in the **WHEREFORE** clause for all counts.

## COUNT II

### FAMILY AND MEDICAL LEAVE ACT, Retaliation, 29 U.S.C.A. § 2615(b)

### ROBERT TATE v. ALL DEFENDANTS

36. The above paragraphs are incorporated as if set forth more fully herein.

37. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(D), Plaintiff was eligible for Family and Medical Leave.

38. At all times material hereto, Plaintiff believes that Defendant Philly Shipyard had at least

        50 employees including volunteers for 20 or more calendar work weeks during the pertinent year or the preceding year within 75-mile radius.

39. Plaintiff was employed for at least 12 months and worked at least 1,250 hours during the 12 months preceding the leave of absence, or Plaintiff was otherwise qualified under the employer's policies.

40. Plaintiff has statutory rights to be free from **retaliation** under the Family and Medical Leave Act, 29 U.S.C.A. § 2615(b), which Defendants violated, including, but not limited to, the facts to be revealed through discovery and the factual allegations set forth above.

41. Defendants **retaliated** as follows:

42. First, Plaintiff was harassed when he filed a union grievance complaint, then Plaintiff was denied the light or modified work duty within his medical limitations, and eventually Plaintiff was forced to leave the job, and finally all medical treatment and federal workers' compensation was denied.

43. Second, Plaintiff was subjected to a materially adverse action at the time being denied light or modified work duty and after being granting FMLA was still denied the light/modified duty and eventually forced out of work.

44. Third, there was a causal connection between the work injury and being forced out of a job.

45. As a direct and proximate result of Defendants unlawful **retaliation**, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

46. Defendants' acts were willful, wanton, malicious, and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

47. Plaintiff demands favorable judgment against Defendants for all equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits and any additional unpaid leave up to the maximum permitted by the FMLA including, but not limited to, doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

48. Plaintiff further demands favorable judgment for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquated damages under 29 U.S.C.A. § 2617(a)(3), fees and costs including the allowance of reasonable attorney fees, expert witness fees and other costs of the action and such other orders and further relief as may be necessary and appropriate.

49. In addition, Defendant Philly Shipyard had an employee handbook and failed to provide Plaintiff the benefits provided therein.

50. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause for all counts.

## COUNT III

## FAMILY AND MEDICAL LEAVE ACT

**Pretext Discrimination <u>without</u> discriminatory animus, 29 U.S.C.A. § 2615(a)(2)**

**ROBERT TATE v. ALL DEFENDANTS**

51. The above paragraphs are incorporated as if set forth more fully herein.

52. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(D), Plaintiff was eligible

for Family and Medical Leave.

53. At all times material hereto, Plaintiff believes that Defendant Philly Shipyard had at least 50 employees including volunteers for 20 or more calendar work weeks during the pertinent year or the preceding year within 75-mile radius.

54. Plaintiff was employed for at least 12 months and worked at least 1,250 hours during the 12 months preceding the leave of absence, or Plaintiff was otherwise qualified under the employer's policies.

55. Plaintiff has statutory rights to be free from **pretext discrimination** under the Family and Medical Leave Act, 29 U.S.C.A. § 2615(a)(2), which Defendants violated, including, but not limited to, the facts to be revealed through discovery and the factual allegations set forth above.

56. In this case Mr. Tate was discriminated against for exercising the right to unpaid leave under the FMLA.

57. As a direct and proximate result of Defendants unlawful **pretext discrimination**, the Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among family, friends and co-workers, disruption of personal life and loss of enjoyment of the ordinary pleasures of life.

58. Defendants' acts were willful, wanton, malicious, and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.

59. Plaintiff demands favorable judgment against Defendants for all equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and

health benefits and any additional unpaid leave up to the maximum permitted by the FMLA including, but not limited to, doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

60. Plaintiff further demands favorable judgment for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquated damages under 29 U.S.C.A. § 2617(a)(3), fees and costs including the allowance of reasonable attorney fees, expert witness fees and other costs of the action and such other orders and further relief as may be necessary and appropriate.

61. In addition, Defendant Philly Shipyard had an employee handbook and failed to provide Plaintiff the benefits provided therein.

62. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause.

## COUNT IV

### Negligence

### ROBERT TATE v. ALL DEFENDANTS SIGNAL AND CARNEY

63. The above paragraphs are incorporated as if set forth more fully herein.

64. Defendants SIGNAL and Carney took on the duty to provide the medical treatment for Mr. Tate and exclusively controlled access of that medical treatment including the available providers.

65. Defendants SIGNAL and Carney knew or should have known of the work limitations imposed upon Mr. Tate by his medical providers.

66. Mr. Tate notified Defendants SIGNAL and Carney of the work limitations on numerous occasions over the course on one-year or longer.

67. Defendants SIGNAL and Carney told Mr. Tate that the work limitations would be

provided, but never were provided.

68. Defendants SIGNAL and Carney failed to notify Defendants Philly Shipyard, Tucker, and Russel of the work limitations.

69. Defendants SIGNAL and Carney terminated Mr. Tate's medical treatment on November 1, 2017.

70. Defendants SIGNAL and Carney failed to act on behalf of Mr. Tate and as a consequence forced Mr. Tate out of work.

71. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause.

## COUNT V

### Illegal Practice of Law

### ROBERT TATE v. DEFENDANT CARNEY

72. The above paragraphs are incorporated as if set forth more fully herein.

73. Defendant Carney exclusively controlled Mr. Tate's access to medical providers.

74. Defendant Carney counseled Mr. Tate of his duties and obligations under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 928 et seq. but only for the benefit of Defendants SIGNAL and Philly Shipyard.

75. Under section 702.406(a) of the LHWCA "consent may be given [by Defendant Carney] upon a showing of good cause for change" of a physician by Mr. Tate.

76. From the time of the work injury on November 3, 2016, Defendant Carney had been Mr. Tate's only counselor and advisor and never suggested he seek legal advice and when Mr. Tate did obtain further medical treatment, Defendant Carney did not notify Mr. Tate that pre-approval was necessary.

77. When Mr. Tate contacted Defendant Carney to discuss the change of physician, she

refused to talk with him.

78. Defendant Carney counselled Mr. Tate on the LHWCA but only towards the interest and benefits of Defendants SIGNAL and Philly Shipyard.

79. Defendant Carney in the interest of Defendants SIGNAL and Philly Shipyard did not advocate for the light/modified work duty.

80. Defendant Carney in the interest of Defendants SIGNAL and Philly Shipyard denied medical treatment for Mr. Tate.

81. Defendant Carney in the interest of Defendants SIGNAL and Philly Shipyard denied workers' compensation payment of Mr. Tate.

82. Mr. Tate seeks the remedies set forth below in the **WHEREFORE** clause.

**WHEREFORE**, Mr. Tate seeks a jury trial against all Defendants for all past and present wages, salary, employment benefits or other compensation denied or lost by reason of the violations. Further, Plaintiff seeks punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

Respectfully submitted,

Date: October 28, 2019.                By: /s/Patrick Flanigan
                                       Patrick Flanigan
                                       Federal Court - Eastern District of PA
                                       E-Signature Validation Code: PFF8163

## VERIFICATION

I, Robert Tate, am the Plaintiff in the above captioned matter and affirm that the information contained in the foregoing *Complaint* is true and correct to the best of my knowledge, information and belief after reasonable inquiry. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date: October 27, 2019.                    By: _____
                                                Robert Tate
                                                Chester, PA

## VERIFICATION

I, Patrick Flanigan, verify that I am the attorney for the Plaintiff in the above captioned matter and that the information contained in the foregoing *Complaint* is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date: October 28, 2019.                    By: /s/Patrick Flanigan
                                                Patrick Flanigan
                                                Federal Court - Eastern District of PA
                                                E-Signature Validation Code: PFF8163